(No. 75-234—

ELLARD LEE DOUGLAS and JUDITH GRACE DOUGLAS, Claimants, *vs.* STATE OF ILLINOIS, DEPARTMENT OF CONSERVATION, Respondent.

*Opinion filed April 13, 1977.*

DONALD C. RIKLI, Attorney for Claimants.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimants filed suit against the Respondent claiming a breach of contract relative to the sale of certain land by Claimants to Respondent.

During the year 1971, Claimants were the owners of a house located upon land in East St. Louis, Illinois. During the fall of 1971, persons representing the Department of Conservation of the State of Illinois, including one Roger H. Hazlett, visited the Claimants at their home and negotiated with them for the purpose of purchasing their home and land for the Horseshoe Lake State Park project.

The Claimants both state that Mr. Hazlett told them they would receive the purchase money for their home and land from four to six weeks after they executed their deed. Mr. Hazlett denies making such a statement.

On October 14, 1971, Claimants executed their warranty deed to their home and land, delivered the same to Mr. Hazlett, and received a receipt for this warranty deed dated October 14, 1971, and signed by Mr. Hazlett. This receipt stated that the agreed-upon consideration for the warranty deed, which was $30,000.00, had not been paid but would be paid to the Claimants "in approximately 90 days after execution of the deed . . . ."

Claimants searched for another home, and on October 23, 1971, entered into a contract to purchase another home. Under the terms of this contract, the closing was to be held on or before January 1, 1972.

The purchase money for the Claimants' original house was not paid to them until April 21, 1972, which was 190 days from the date of the execution and delivery of the warranty deed to their original home.

As a result of the delay of the Department of Conservation of the State of Illinois to pay Claimants for their original home Claimants were unable to raise enough money from other sources to complete the

purchase of their new home. During the period between October, 1971 to April, 1972, Claimant was out of work.

On February 23, 1972, the sellers under the contract for the new home sued the Claimants for damages for breach of contract. Claimants employed attorneys to defend them, and the case was settled out of court for $1,049.25, plus loss of down payment under the contract of $100.00.

Claimants allege that as a result of the failure of the Department of Conservation of the State of Illinois to pay to the Claimants the purchase price on the Claimants' original home ($30,000.00) within the 4 to 6 weeks after delivery of the warranty deed as stated by both of the Claimants or within the 90 days as represented by the Respondent, the Claimants suffered the following damages:

| | |
|---|---|
| Payment to George F. Becker and M. Jane Becker in settlement of Case No. 72-E-44 in the Circuit Court of Madison County, Illinois | $1,049.25 |
| Roberts, Sheppard, McRoberts & Wimmer, attorneys' fees | 350.00 |
| Nick D. Vasileff, attorney's fee | 25.00 |
| Down payment on contract to purchase new home | 100.00 |
| Total | $1,524.25 |

As a result of the foregoing, the Claimants have employed an attorney to represent them in this proceeding, and the agreed upon fee is one-third of the sum recovered, or $508.08.

If the payment to Claimants had been made in accordance with the written receipt given by Roger H. Hazlett, they would have received the money on January 4, 1972, approximately six weeks before the suit was filed by the owners of the new home Claimants intended to purchase.

It is the opinion of this Court that the Claimants

sustained their loss as a result of the failure of the Respondent to make payment at the time agreed upon.

Damages recoverable in a case such as this should be those which arise as the fair, legal and natural result of the breach. *Howell vs. Moores,* 127 Ill. 67, 19 NE. 863.

Award is hereby made for damages in the amount of Two Thousand Thirty-Two and 33/100 Dollars ($2,032.33).